AO 91 (Rev. 3/99) Criminal Complaint

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA

V.

**William ROEHM**

**CRIMINAL COMPLAINT**

CASE NUMBER: **1:09MJ-051**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 13, 2009 in Clermont County, in the Southern Judicial District of Ohio Defendant did,

Having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did unlawfully possess firearms, which had previously traveled in interstate commerce,

In violation of Title 18 United States Code, Sections 922(g)(1).

I further state that I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

continued on the attached sheet and made a part hereof:   X YES   ☐ NO

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

3/9/09                                     AT   CINCINNATI, OH
Date                                              City and State

TIMOTHY S. BLACK
U.S. MAGISTRATE JUDGE                    Timothy S. Black
Name and Title of Judicial Officer          Signature of Judicial Officer

### Affidavit

I, John K. Scott hereinafter referred to as affiant, having been duly sworn and cautioned, does declare and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, United States Department of Justice, and have been so employed since April 23, 2000. The following is based upon my personal knowledge and belief and from information received from other individuals and officers.

2. On February 13, 2009, this affiant acquired agent cashier funds in the amount of $1500 and recorded $1200 in funds by photocopying. This affiant acting in an undercover capacity arrived at the Red Roof Inn, room 215, and met with William ROEHM. This affiant observed ROEHM retrieve a black duffle bag from beside the bed that contained 7 firearms and a black powder revolver. This affiant asked ROEHM what the price was and ROEHM stated that it was $1200 for the firearms but that he thought that this affiant would look out for him for arranging the transaction. ROEHM stated that these were not his firearms and that they were his partner's firearms and that his partner does not want any dealings with them at all. ROEHM grabbed a .357 revolver to show this affiant how nice it was and pointed the laser sight on the wall of the room. This affiant stated to ROEHM that he was trying to figure out in his head how much he could get for the firearms. ROEHM stated that this affiant could get $600 for the .357, $600 for another one, that the price tag $750 was still on the Colt, Detective Special, so this affiant was going to get his money out of them just off the three guns. This affiant provided $1200 in recorded money to ROEHM and an additional $100 for brokering the deal. ROEHM cautioned this affiant and stated that the firearms were "hot." ROEHM advised that he had touched a couple of the firearms and that he had wiped them down to remove any prints.

3. The ATF surveillance team observed ROEHM exit the parking lot of the Red Roof Inn and head eastbound on Ohio State Route 125. The Union Township Police Department, assisted by ATF conducted a vehicle stop on ROEHM's mini van. ROEHM was operating the vehicle and Tara Mead along with an infant were passengers. ROEHM, Mead, and the infant were removed from the vehicle and a Jimenez Arms, model JA 380, .380 caliber pistol, serial number 093751 in the box was recovered by ATF Special Agent Derek Graham in between the driver and passenger seats in Mead's purse. ROEHM, Mead, and the infant were transported to the Union Township Police Department for questioning.

4. On February 13, 2009, Special Agent Graham and Special Agent Burk interviewed ROEHM regarding his previous criminal history documented in the National Criminal Information Center (NCIC). ROEHM stated that he has previous felony convictions for Burglary; Grand Theft Auto; and Receiving Stolen Property. ROEHM stated that he also has juvenile convictions for Breaking and Entering; Forgery; and Possession of Drug Paraphernalia. ROEHM also stated that he

purchased the Jimenez firearm recovered from MEAD'S purse from Chris FREEMAN.

5. On March 5, 2009, this affiant provided the description of the 8 firearms ATF Special Agent Josh Bezy, who is an Interstate Nexus expert. Based on the description of the firearm, Agent Bezy was able to determine that the firearm was not manufactured in the State of Ohio, therefore it would have traveled in interstate commerce to arrive in the State of Ohio.

6. Based upon the aforementioned facts stated herein, the affiant has probable cause to believe that William ROEHM, a prior convicted felon did on February 13, 2009, unlawfully possess a firearms which had affected interstate commerce in Clermont County, Ohio, the Southern Judicial District of Ohio in violation of Title 18 U.S.C., Section 922(g)(1).

_____
John K. Scott
Special Agent, ATF

Sworn and subscribed before me on this 9th day of March 2009.

_____
Timothy S. ~~Hogan~~ Black
United States Magistrate Judge