**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | Case No.: 1:09-CR-030(2) |
| Plaintiff, | : | |
| | : | **JUDGE BARRETT** |
| v. | : | |
| | : | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **WILLIAM ROEHM**, | : | |
| Defendant | : | |

## I. PRELIMINARY STATEMENT

Now comes the Defendant, **WILLIAM ROEHM**, by and through counsel, and hereby files the following Sentencing Memorandum setting forth factors this Honorable Court may consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the sentencing directives set forth in Title 18, U.S.C. §3553(a).

## II. SENTENCING UNDER THE FEDERAL SENTENCING GUIDELINES

Because the Federal Sentencing Guidelines are advisory, they must be addressed in the instant case. United States v. Booker, 125 S.Ct. 738, 757 (2005). Under the Federal Sentencing Guidelines, Mr. Roehm submits that the facts support a downward departure due to reasons including but not limited to those stated in the Presentence Report:

> It has been established that the codefendant is more culpable than Roehm, in that the codefendant was allegedly involved in the actual theft of the guns and provided the guns to Roehm so that Roehm could sell them.

1

> Therefore, the Court may consider a downward variance based upon the disparity between Roehm's guideline sentencing range and that of codefendant Freeman.

(See Presentence Investigation Report, p. 24, paragraph 138).

## III. SENTENCING UNDER UNITED STATES V. BOOKER

Mr. Roehm submits that a sentence that is substantially less than 120 months is appropriate. On January 12, 2005, the U.S. Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S.Ct. 738, 756 (2005). Accordingly, the Court made the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guideline ranges, see 18 U.S.C. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a), Booker, 125 S.Ct. at 757.

Thus, under Booker, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). What now must be considered by sentencing courts are all of the goals and factors set forth in 18 U.S.C. §3553(a). This includes the "parsimony principle" of the statute that the sentence must be "sufficient but not greater than necessary," to satisfy "(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."
18 U.S.C. §3553(a)(2)

Courts across the spectrum have recognized that they must honor the parsimony provision. See <u>United States v. Foreman</u>, 436 F.3d 638, 643-44 (6th Cir. 2006); <u>United States v. Cawthorn</u>, 419 F.3d 793, 802 (8th Cir. 2005) ("district court's duty" is that it "shall impose a sentence sufficient but not greater than necessary"); <u>United States v. Spigner</u>, 416 F.3d 708, 711 (8th Cir. 2005); <u>United States v. Acosta-Luna</u>, 2005 WL 1415565 (10th Cir. 2005) (the "provisions of 18 U.S.C. §3553(a), unconstrained by mandatory application of the Guidelines, are now preeminent in sentencing"); <u>United States v. Gray</u>, 362 F.Supp. 2d 714, 717 (S.D.W. Va. 2005); <u>United States v. Angelos</u>, 345 F. Supp.2d 1227, 1240 (D. Utah 2004).

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the kinds of sentences available;

(3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct;

(4) the need to provide restitution to an victims of the offense.

All of the district courts are giving the Guidelines and policy statements at least serious consideration, but many have expressed the view that giving the guidelines

3

"presumptive" or "heavy" weight amounts to imposition of a mandatory guideline sentence. See, e.g. United States v. Moreland, 366 F.Supp.2d 416, 423 (S.D.W. Va. 2005); *aff'd in part, vacated in part,* 437 F. 3d 424 (4th Cir. 2006); United States v. Jaber, 362 F. Supp. 365 (D. Mass. 2005).

The Fourth, Fifth, Seventh, Eighth and Tenth Circuits have held that giving the guideline range "presumptive" or "heavy" weight amounts to imposition of a mandatory guideline sentence. United States v. Kristi, 437 F.3d 606 (7th Cir. 2005); United States v. Lincoln, 413 F. 3d 716 (8th Cir. 2005).

The Sixth Circuit adopted a presumption of reasonableness in one case, United States v. Williams, 436 F.3d 706 (2006), but tempered that conclusion in a subsequent case, stating that this was "in fact rather unimportant" because the district court must follow the "statutory mandate to impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing in §3553(a)(2), and in doing so it must consider all of the relevant §3553(a) factors, "and the court of appeals must engage in "meaningful review" of a sentence within and outside an applicable guideline range. United States v. Foreman, 436 F.3d 638, 644 & n. 1. (6th Cir. 2006).

## IV. A SENTENCING IN THE INSTANT CASE THAT IS BASED ON THE GUIDELINES WOULD BE GREATER THAN NECESSARY TO ACHIEVE THE PURPOSES OF SENTENCING UNDER §3553(a).

Counsel, on behalf of Mr. Roehm, suggests that the recommended total sentence of 120 months should be substantially less. Mr. Roehm should be afforded the benefit of a lesser sentence because he accepted responsibility and he plead to his involvement in the instant case.

Additionally, for reasons stated above it is undisputed that Mr. Roehm is the less culpable of the two codefendants in the instant case. But for some very foolish and unwise decisions on Mr. Roehm's part he may not have even been indicted in the instant case.

A sentence substantially less than 120 months in prison would be consistent with the purposes of §3553(a). Thus, Mr. Roehm's federal sentence would meet all the principles, mandates, and purposes of sentencing.

Section 3552(a)(1) directs the court to consider "the nature and circumstances of the offense and the characteristics of the defendant." Mitigating factors that were previously discouraged except under certain circumstances should be considered more broadly. Those are age, education and vocational skills, mental and emotional conditions, employment record, family ties and responsibilities, military, civic, charitable or public service. See U.S.S.G. 5H1.1 1-6, 11.

Post-Booker cases illustrate that the court may consider formerly discouraged factors, or facts that would not have met pre-Booker standards for departure, to impose a lower sentence. See United States v. Spigner, 416 F.3d 708, 711-13 & n.1 (8th Cir. 2005) (health problems, which Counsel respectfully argues would include drug addiction as is the case with Mr. Roehm); United States v. Gorsuch, 404 F.3d 543 (1st Cir. 2005); United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).

The question is what amount of punishment is appropriate given the nature of the crime, and what amount of punishment will preserve the context of desistance. It is strongly suggested here that a total sentence that is substantially less than 120 months in prison meets both requirements.

5

## V.     CONCLUSION

While Mr. Roehm understands that he must be punished for his crime he also believes, as does this Honorable Court, that the punishment must fit the crime.  Counsel urges this court to impose a sentence that is substantially less than 120 months in prison as Mr. Roehm's total sentence which will ensure compliance with §3553 and ensure a just, fair and reasonable sentence.

Counsel would also respectfully request that Mr. Roehm be placed in a facility as close to Detroit, Michigan as possible due to the fact that it is Counsel's understanding that his girlfriend and his children are in the process of moving there.

> RESPECTFULLY SUBMITTED,
>
> s/ James F. Bogen_____
> James F. Bogen (#0075696)
> 906 Main Street, Suite 405
> Cincinnati, Ohio 45202
> (513) 503-7251
> FAX: (513) 241-3553
> attorneybogen@yahoo.com
>
> Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

RESPECTFULLY SUBMITTED,


s/ James F. Bogen
James F. Bogen (#0075696)
906 Main Street, Suite 405
Cincinnati, Ohio 45202
(513) 503-7251
FAX: (513) 241-3553
attorneybogen@yahoo.com

Attorney for Defendant